UNITED STATES ex rel. SMILLEY
v.
MARONEY.
Civ. No. 11834.

United States District Court,
W. D. Pennsylvania.
Nov. 25, 1953.

GOURLEY, Chief Judge.

The petitioner in this proceeding was accused, tried and convicted in the Courts of Allegheny County, Pennsylvania.

It appears from a careful study and review of the application for writ of habeas corpus that it fails to comply with the formal requirements of Rule 15 of this Court, which provides as follows:

"The formal requirements in a petition for writ of habeas corpus shall be as follows:

"1. The petition be in writing addressed to the court authorized to issue the writ.

"2. It should set forth the place of petitioner's confinement, and the name and address of the person in whose custody the prisoner is restrained.

"3. It must allege that the petitioner is unlawfully restrained of his liberty and show precisely the alleged illegality of restraint, by stating the pertinent facts in such a manner as to make possible an intelligent judgment upon the question.

"4. It should state by what authority the respondent purports to detain the petitioner.

"5. If the petitioner does not know by what authority he is being detained, he should so state.

"6. It must be set forth whether sentence was imposed on judgment of conviction after trial by jury, or if sentence was imposed after the entry of a plea of guilty, or plea of nolo contendere.

"7. If Petitioner is in custody pursuant to a judgment of a State court, it must be set forth what procedure was followed, if any, to have the judgment of conviction or plea of guilty reviewed by the appellate courts in the Commonwealth of Pennsylvania and the Supreme Court of the United States, and the disposition of said appeals or writ of certiorari must be given.

"8. If the petitioner is confined by virtue of a judgment of a state court, it is necessary to set forth copies of any petitions for writ of habeas corpus which have been previously filed in the State Courts or Federal Courts, the determination made by the court, and whether or not a denial was made of said petition or petitions previously filed or appealed to the higher tribunals in the state, and if application had been made to the Supreme Court of the United States by appeal or writ of certiorari from said refusal.

"9. If the petitioner has not exhausted all remedies available in the appellate courts in the Commonwealth of Pennsylvania, the reasons therefor must be set forth in detail and an allegation that the trial court and the appellate courts in the Commonwealth of Pennsylvania so departed from rights given under the Constitution of the United States, which would justify a federal court's intervention to protect the constitutional rights of the petitioner.

"10. The petition must be verified or sworn to."

It is further provided by the United States Judicial Code, § 2254 of Title 28—

"An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State * * *."

■■ A conviction after public trial in a state court by verdict or plea of guilty places the burden on the accused to allege and prove primary facts, not inferences, that show, notwithstanding the strong presumption of constitutional regularity in state judicial proceedings, that in his prosecution the state so departed from constitutional requirements as to justify a federal court's intervention to protect the rights of the accused. The petitioner has the burden also of showing that other available remedies have been exhausted or that circumstances of peculiar urgency exist. Darr v. Burford, 339 U.S. 200, 218, 219, 70 S.Ct. 587, 94 L.Ed. 761. I have accepted for the purpose of disposing this petition all allegations in the petition to be true, and I find nothing which establishes such exceptional circumstances or matters of peculiar urgency to justify the abrogation or modification of the requirement that state remedies shall be exhausted.

■ Since it appears from the allegations in the application for writ of habeas

corpus that the petitioner has not exhausted all state remedies which are available in the State courts together with a denial of application for writ of certiorari by the Supreme Court of the United States, no jurisdiction presently exists in this court to consider the petition. Darr v. Burford, supra.

■ In order that this court will not be labored with a similar petition which does not comply with the provisions of law, it is necessary for the petitioner to comply strictly with the Rule of this court which has heretofore been set forth in detail, and the rules as enunciated by the Supreme Court of the United States. This means that petition for writ of habeas corpus must be filed in the Court of Common Pleas of Allegheny County, Pennsylvania, or with the Supreme Court of Pennsylvania in the first instance. If the petition is filed in the Court of Common Pleas of Allegheny County in the first instance, it is necessary to appeal the decision of said court, if adverse to the petitioner, to the Superior Court of Pennsylvania. If the Superior Court of Pennsylvania sustains the order of the Court of Common Pleas of Allegheny County, Pennsylvania, an application for writ of certiorari and/or an appeal must be made to the Supreme Court of Pennsylvania. If the Supreme Court of Pennsylvania sustains the Superior Court of Pennsylvania, an application for writ of certiorari must be made to the Supreme Court of the United States, and if said application is refused jurisdiction would then exist in this court to consider a petition for writ of habeas corpus.

If an application for habeas corpus is made in the first instance to the Supreme Court of Pennsylvania and a denial is entered by said court, it is necessary to apply for writ of certiorari to the Supreme Court of the United States, and if the decision of the Supreme Court of Pennsylvania is sustained, then jurisdiction exists in this court to consider a petition for writ of habeas corpus.

In view of the foregoing, the application for writ of habeas corpus is denied.

An appropriate Order is entered.